■ LOIS (LIPSHIE) GORDON, Mother, on Behalf of BETH LIPSHIE and Another, Appellant, v. NORMAN W. LIPSHIE, Respondent.— Order, entered on February 25, 1963, denying an application for counsel fees pursuant to section 438 of the Family Court Act, unanimously affirmed, without costs. The question presented is whether a former wife, who brought a proceeding for support solely on behalf of her children, may be allowed counsel fees under section 438. Absent statutory provision the Family Court has no jurisdiction to award counsel fees. (Cf. *Loeb* v. *Loeb*, 14 A D 2d 270.) We must, therefore, find statutory authority for such an award. Section 438 of the Family Court Act is derived from section 131 of the Domestic Relations Court Act. That section allowed counsel fees in any hearing or trial by a wife against her husband. However, this court has held that such provision did not confer the power to allow counsel fees in a proceeding brought to seek support for the children only. (*Jacobson* v. *Jacobson*, 9 A D 2d 605.) To allow for a counsel fee in such cases this section was amended in 1961. (L. 1961, ch. 213; see New York State Legislative Annual, 1961, p. 41.) However, neither the amended section 131 nor section 438 makes reference to a proceeding brought by a former wife. In view of the manner in which this statute has heretofore been construed we may not now by construction broaden its application so as to permit an allowance of counsel fees to a former wife. In so holding we are not unmindful of the Second Department's decision in *Matter of Klein* v. *Klein* (11 A D 2d 781) affirming an order which in part granted counsel fees to a former wife. However, it appears that the instant issue was neither raised on that appeal nor directly passed upon by the court. Concur — Breitel, J. P., Rabin, Stevens, Steuer and Bastow, JJ.